## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**VICKI DEWEY,**

        **Plaintiff**

                                      **CASE NO.**

       **v.**

**MACK CONCRETE
INDUSTRIES, INC., A Foreign
Profit Corporation,**

        **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff **VICKI DEWEY** (hereinafter referred as "Plaintiff"), by and through the undersigned attorney, hereby files this Complaint against **MACK CONCRETE INDUSTRIES, INC.** (hereinafter referred as "MACK" or "Defendant"), and in support of states as follows:

## NATURE OF CASE

This is an action to remedy discrimination pursuant to the provisions of the Americans with Disabilities Act, as amended, ("ADAAA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (collectively "Title VII"), and the Florida Civil Rights Act ("FCRA") as well as interference and retaliation under the Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601, et seq. Plaintiff is

seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages (if permitted to be pled), attorneys' fees and costs, and any other relief to which the Plaintiffs are entitled including but not limited to equitable relief.

## JURISDICTION & VENUE

1. This is an action at law that raises a federal question under federal law.

2. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331 and has subject matter jurisdiction over Plaintiff's state law claims.

3. The Plaintiff's claims arise under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391.

4. Additionally, the events giving rise to this action occurred within this District.

## PARTIES

5. Plaintiff was an employee of Defendant from approximately July 2019 until November 2020.

6. Plaintiff was employed by Defendant in Astatula, Lake County, Florida.

7. Defendant is a Foreign for Profit Corporation which operates one or

more businesses dedicated to the production of concrete and concrete products, including the Astatula, Florida location where Plaintiff was employed.

8.    Defendant employs more than fifty (50) employees.

9.    Defendant employs more than fifty (50) employees within 75 miles of Astatula, Florida.

10.    As of the date of her termination, Plaintiff had been employed by Defendants for at least twelve (12) months.

11.    As of the date of her termination, Plaintiff had been employed by Defendant for at least 1,250 hours of service during the previous twelve (12) month period

12.    Plaintiff was an "employee" as defined by the FMLA.

13.    Defendant is an "employer" as defined by the FMLA.

14.    Plaintiff was an "employee" as defined by the ADAAA.

15.    Defendant is an "employer" as defined by the ADAAA.

16.    Defendant is an "employer" as defined by Title VII.

17.    Plaintiff was an "employee" as defined by Title VII.

## ADAAA STATUTORY PREREQUISITES

18.    At all times material hereto, Plaintiff suffered debilitating symptoms from anxiety and asthma,  a both disabling medical conditions under the ADAAA.

19.    Plaintiff was discriminated against based on her disabilities.

20.    Plaintiff is a member of a class of individuals protected by the ADAAA.

21.    The Defendant meets the statutory criteria for coverage as an "employer" under the ADAAA.

22.    Plaintiffs meet the statutory criteria for coverage as an "employee" under the ADAAA.

23.    At all times material to the allegations herein, Plaintiff was qualified for her Production Scheduler position with Defendant.

24.    Plaintiff timely filed her Charge of Discrimination with the EEOC on January 26, 2021.

25.    The EEOC issued a Dismissal and Notice of Rights on September 30, 2021.

26.    Therefore, the initial Complaint in this action is being filed within 90 days of Plaintiff receiving her right-to-sue letter.

27.    Plaintiff has complied with all other ADAAA requirements and all prerequisites prior to bringing this lawsuit.

## **TITLE VII STATUTORY PREREQUISITES**

28.    Plaintiff is a female individual.

29.    Plaintiff was discriminated against based on her gender.

30.     Plaintiff is a member of a class of individuals protected by Title VII.

31.     The Defendant meets the statutory criteria for coverage as an "employer" under Title VII.

32.     Plaintiffs meet the statutory criteria for coverage as an "employee" under Title VII.

33.     At all times material to the allegations herein, Plaintiff was qualified for her Production Scheduler position with Defendant.

34.     Plaintiff timely filed her Charge of Discrimination with the EEOC on January 26, 2021.

35.     The EEOC issued a Dismissal and Notice of Rights on September 30, 2021.

36.     Therefore, the initial Complaint in this action is being filed within 90 days of Plaintiff receiving her right-to-sue letter.

37.     Plaintiff has complied with all other Title VII requirements and all prerequisites prior to bringing this lawsuit.

## FACTUAL ALLEGATIONS

38.     Plaintiff began her employment with Defendant on or about July 2019, as a Production Scheduler and remained in that position until her termination.

39.    At all times material, Plaintiff performed well while working for Defendant.

40.    At all times material hereto, Plaintiff suffered debilitating symptoms from anxiety and asthma, both disabling medical conditions under the ADAAA.

41.    As it applies to Plaintiff, her medical conditions caused insomnia, shortness of breath, fatigue and panic attacks.

42.    Plaintiff notified Defendant of her medical conditions.

43.    As a result of the exacerbation of her medical conditions, Plaintiff applied for leave under the Family Medical Leave Act ("FMLA") on or around September 2, 2020.

44.    Plaintiff was granted FMLA leave through November 25, 2020.

45.    Because her medical condition had not improved, Plaintiff requested and was grated two additional four-week extensions through November 16, 2020.

46.    On or around November 11, 2020, Plaintiff's physician recommended that Plaintiff continue treatment for her medical conditions and return to work by February 11, 2021.

47.    Defendant denied Plaintiff's further request for an accommodation.

48.    On November 30, 2020, Defendant terminated Plaintiff's employment.

49.    At the time of her termination, Plaintiff was qualified for her position.

50.    At no time during her employment did Defendant counsel or otherwise discipline Plaintiff for failure to meet her job duties.

51.    At the time of her termination, Plaintiff worked for a covered employer as defined by the FMLA.

52.    At the time of her termination, Plaintiff was eligible for  and was approved FMLA leave.

53.    Plaintiff's notice of need for FMLA leave was timely.

54.    Defendant's actions constitute interference with Plaintiff's rights under FMLA.

55.    Defendant's actions constitute discrimination and retaliation in violation of Plaintiff's rights under the FMLA.

56.    Defendant's actions also constitute discrimination in violation of Plaintiff's rights under the ADAAA.

57.    Plaintiff was treated differently than similarly situated non-disabled employees.

58.    Plaintiff had previously requested the reasonable accommodation of working from home.

59.    Plaintiff could perform the essential functions of her job while working from home.

60.    It would not have been an undue hardship for Respondent to provide Plaintiff the reasonable accommodation of working from home.

61.    Plaintiff was targeted and singled out by her male supervisor due to her disabilities.

62.    Defendant discriminated against Plaintiff for taking necessary time off due to her disability.

63.    Defendant terminated Plaintiff in retaliation for taking necessary time off due to her disability.

64.    Defendant also discriminated against the Plaintiff based on her gender.

65.    Defendant offered and granted work from home status to male employees while denying Plaintiff's requests.

66.    Defendant also granted extended leave to other male employees.

67.    Plaintiff is aware of at least two male employees, Royce Cripe and Fred Ransome, who were granted extended leave by Defendant.

68.    In fact, Plaintiff did not meet Mr. Cripe in person for months after she began her employment with Defendant as he had been out for many consecutive months.

69.     Additionally, Mr. Random was granted many consecutive months of leave by Defendant to the point that Defendant's employees began to complain regarding their excessive workload as a result of Mr. Random's extended leave.

70.     Both male employees were able to return to their previously held positions after many consecutive months of leave which was approved by Defendant, while Plaintiff was denied the same.

71.     Plaintiff also was targeted and singled out by her male supervisor because of her gender.

72.     Plaintiff was treated differently than male employees.

73.     During her employment with Defendant, Plaintiff had reported serious safety and health hazards at Respondent's office including but not limited to mold, rat feces, and accumulated water.

74.     Plaintiff believes the effects of these hazards along with the constant discrimination to which she was subject to by her manager (male) worsened her medical conditions.

## COUNT I
## RETALIATION UNDER THE FMLA

75.     Plaintiff re-alleges and adopts the allegations of paragraphs 11-13, 38-39, and 41-55 above as if fully set forth herein.

76.     Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

77. Defendant was Plaintiff's employer as defined by the FMLA.

78. Defendant discriminated and retaliated against Plaintiff because Defendant knew she was eligible for leave under the FMLA.

79. Defendant discriminated and retaliated against Plaintiff because Plaintiff attempted to exercise her rights under the FMLA

80. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of its representative(s).

81. Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

82. Defendant's discriminatory and retaliatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

83. Defendant's conduct violated Plaintiff's right to be free from discrimination and retaliation as guaranteed by the FMLA.

84. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

85.   Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

86.   Defendant's violations of the FMLA were willful.

87.   Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable reliefallowed by law including:

a.   Back pay and benefits;

b.   Interest on back pay and benefits;

c.   Front pay and benefits;

d.   Compensatory damages for emotional pain and suffering;

e.   Injunctive relief;

f.   Prejudgment interest;

g.   Costs and attorney's fees; and

h.   Such other relief as the Court may deem just and proper.

## COUNT II
## DISCRIMINATION UNDER THE ADAAA

88.   Plaintiff re-alleges and adopts the allegations of paragraphs 1-7, 14-15, 18-27, 38-42, 56-63, and 73-74 above as if fully set forth herein.

89.   Plaintiff suffers from  disabling medical conditions pursuant to the

ADAAA.

90.     Plaintiff was discriminated against by the Defendant due to her disability in violation of Federal law.

91.      Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

92.     Defendant denied Plaintiff reasonable accommodation as required by Federal law.

93.     Plaintiff is protected by the ADAAA:

a.     Plaintiff was disabled or a "perceived as disabled" employee whosuffered discrimination because of her disability or "perceived disability" by Defendant; and

b.     Plaintiff suffered an adverse employment action as a result of her disability or "perceived disability."

94.     Defendant   was   at   all  material  times  an  "employer"  as envisioned and defined by the ADAAA.

95.     Plaintiff's medical conditions are protected disabilities under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

96.     Defendant's   actions   unquestionably   constitute   disability discrimination in violation of the ADAAA, as amended.

97.     By reason of the foregoing, Defendant's actions, and non-actions,

affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

98.  Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of her position, even though Plaintiff could perform same with a reasonable accommodation.

99.  Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

100.  Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

101.  Defendant does not have a non-discriminatory rationale for denying Plaintiff's accommodation request.

102.  Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment. Therefore, she is members of protected classes as envisioned by the ADAAA.

103.  Plaintiff suffered sufficiently severe and pervasive treatment because of her disability and/or "perceived disability," and request for accommodation regarding same.

104.  The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

105.  The discrimination to which Plaintiff was subjected was based on

her disability and/or "perceived disability."

106.   The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

107.   The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

108.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.      Back pay and benefits;

b.      Interest on back pay and benefits;

c.      Front pay and benefits;

d.      Compensatory damages for emotional pain and suffering;

e.      Injunctive relief;

f.      Prejudgment interest;

g.      Costs and attorney's fees; and

h.      Such other relief as the Court may deem just and proper.

## COUNT III
## RETALIATION UNDER THE ADAAA

109.   Plaintiff re-alleges and adopts the allegations of paragraphs 1-7, 14-15, 18-27, 38-42, 56-63, and 73-74 above as if fully set forth herein.

110.   Plaintiff suffers from  disabling medical conditions pursuant to the ADAAA.

111.   Plaintiff was retaliated against by the Defendant due to her disabilities in violation of Federal law.

112.    Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

113.   Defendant denied Plaintiff reasonable accommodation as required by Federal law.

114.   Defendant terminated Plaintiff because she took necessary time off due to her disability.

115.   Defendant terminated Plaintiff in violation of the ADAAA.

116.   Plaintiff is protected by the ADAAA:

a.      Plaintiff was disabled or a "perceived as disabled" employee whosuffered discrimination because of her disability or "perceived disability" by Defendant; and

> b.   Plaintiff suffered an adverse employment action as a result of her disability or "perceived disability."

117.   Defendant   was   at   all material times an "employer" as envisioned and defined by the ADAAA.

118.   Plaintiff's medical conditions are protected disabilities under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

119.   Defendant's actions unquestionably constitute retaliation in violation of the ADAAA, as amended.

120.   By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

121.   Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of her position, even though Plaintiff could perform same with a reasonable accommodation.

122.   Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

123.   Pleading in the alternative, Plaintiff's medical conditions constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

124.   Defendant does not have a non-discriminatory rationale for terminating the Plaintiff.

125.   Plaintiff was a disabled individual or otherwise perceived as disabled by Defendant, during their employment. Therefore, she is a member of protected classes as envisioned by the ADAAA.

126.   The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

127.   The retaliation to which Plaintiff was subjected was based on her disability and/or "perceived disability."

128.   The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

129.   The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

130.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.      Back pay and benefits;

b.        Interest on back pay and benefits;

c.        Front pay and benefits;

d.        Compensatory damages for emotional pain and suffering;

e.        Injunctive relief;

f.        Prejudgment interest;

g.        Costs and attorney's fees; and

h.        Such other relief as the Court may deem just and proper.

## COUNT IV
## GENDER DISCRIMINATION IN VIOLATION OF THE FCRA

131.   Plaintiff re-alleges and adopts the allegations of paragraphs 1-7, 16-17, 28-39, and 64-72 above as if fully set forth herein.

132.   Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

133.   Plaintiff is a female and a member of a protected class.

134.   Plaintiff was qualified for her job position with Defendant.

135.   Plaintiff was treated less favorable than similarly situated male employees.

136.   Defendant discriminated against Plaintiff because of her gender

137.   Plaintiff was also subjected to the adverse employment action of being terminated.

138.   The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under the FCRA because it treated Plaintiff less favorably because of her gender.

139.   The discrimination to which Plaintiff was subjected was based on her gender.

140.   Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

141.   The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

142.   The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

143.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

144.   Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable reliefallowed by law including:

    a.  Back pay and benefits;

    b.  Interest on back pay and benefits;

    c.  Front pay and benefits;

    d.  Compensatory damages for emotional pain and suffering;

    e.  Injunctive relief;

    f.  Prejudgment interest;

    g.  Costs and attorney's fees; and

    h.  Such other relief as the Court may deem just and proper.

## COUNT V
## GENDER DISCRIMINATION IN VIOLATION TITLE VII

145.   Plaintiff realleges and adopts allegations contained in paragraphs 1-7, 16-17, 28-39, and 64-72, as though fully stated herein.

146.   Plaintiff is a member of a protected class because she is female.

147.   At all material times, Plaintiff was qualified to perform her job duties.

148.   Plaintiff was treated less favorable than similarly situated male employees.

149.   Defendant discriminated against Plaintiff because of her gender.

150.   Plaintiff was also subjected to the adverse employment action of being terminated.

151.   The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under Title VII because it treated Plaintiff less favorably because of her gender.

152.   The discrimination to which Plaintiff was subjected was based on her gender.

153.   Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

154.   The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

155.   The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

156.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Tile VII.

157.   Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable reliefallowed by law including:

      a.  Back pay and benefits;

      b.  Interest on back pay and benefits;

      c.  Front pay and benefits;

      d.  Compensatory damages for emotional pain and suffering;

      e.  Injunctive relief;

      f.  Prejudgment interest;

      g.  Costs and attorney's fees; and

      h.  Such other relief as the Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 11th day of November, 2021.

                        */s/ Anthony J. Hall*
                        **ANTHONY J. HALL, ESQ.**
                        Fla. Bar No. 40924
                        **THE LEACH FIRM**
                        631 S. Orlando Ave., Ste. 300
                        Winter Park, FL 32789

Tel: 407-574-4999
Fax: 321-594-7316
Email: ahall@theleachfirm.com
Email: npacheco@theleachfirm.com

***Counsel for Plaintiff***